IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2014-JPO |
| ) | |
| THOMAS L. TAYLOR, M.D., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On March 30, 2006, pursuant to Fed. R. Civ. P. 16(a) and (b), the undersigned magistrate judge, James P. O'Hara, conducted a status and scheduling conference. The conference was convened for two reasons. First, the court wished to address the issues raised by the motion of the defendant, Thomas L. Taylor, M.D., to inspect and release certain medical records of the plaintiff, Melissa Watson **(doc. 49)**. And second, the court wished to revisit the matter of the parties' request for a No.1 (or "special") trial setting. Plaintiff appeared through counsel, Patrick J. Berrigan. Defendant appeared through counsel, Mark A. Buck.

Defendant's motion seeks an order that: 1) directs plaintiff's treating physicians to allow defendant's counsel to inspect and to release to defendant's counsel plaintiff's medical records and protected health information; and 2) explicitly permits ex parte interviews of plaintiff's treating physicians, at each physician's option. Plaintiff's response (doc. 53) states that she does not oppose giving defendant medical authorizations to obtain medical records

from specific healthcare providers in compliance with the Health Information Portability and Accountability Act ("HIPAA").[1]  Plaintiff does, however, oppose allowing defendant access to medical information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also opposes allowing further ex parte interviews with healthcare providers because of defense counsel's allegedly improper conduct with regard to Dr. Epstein, plaintiff's treating surgeon.

As to plaintiff's medical records, for largely practical reasons, the court strongly encouraged counsel during the conference to confer further and reach an agreement as to the appropriate scope of discovery in this case.  At this point, it appears that the only dispute concerns plaintiff's dental records.  In any event, to the limited extent that counsel are unable to reach such agreement, defendant should promptly proceed to serve subpoenas upon the custodians of the medical records pursuant to Fed. R. Civ. P. 45.  The court will evaluate any objections by plaintiff or the health care providers with regard to such subpoenas in the context of a motion to quash, if necessary.  At this point, the parties have not provided the court with enough information for it to decide whether the discovery sought is appropriate.

During the conference, counsel stated that they expected they could agree on a HIPAA-compliant authorization form that would list most of plaintiff's specific health care providers.  As agreed to by counsel, this form shall be finalized and then executed by

---

[1] The court notes that while both parties mention HIPAA in their papers, neither addresses its impact on the pending motion.

plaintiff, and be ready for defense counsel's messenger to pick up from the offices of plaintiff's counsel no later **March 31, 2006, at 4:00 p.m.**

As to the ex parte interviews, *Watson v. Olathe Medical Center*, No. 01-2382, 2002 WL 73395 (D. Kan. Jan. 8, 2002), a case cited by both parties, appears to be directly on point:

> As a preliminary matter, a plaintiff waives the physician-patient privilege by bringing an action in which his or her medical condition is an element of the claim. Moreover, the Federal Rules of Civil Procedure do not bar informal, private interviews of witnesses not designated as experts. In fact, courts in this district consistently have permitted ex parte interviews with treating physicians when such treating physicians are not listed as experts. As with any fact witness, however, many of these cases note that such treating physician may confer–or refuse to confer–with a litigant or his or her representative. No party is entitled to exercise any coercion to obtain a conference with a treating physician or to preclude one.

*Id* at *1 (citations omitted). Defendant seeks an order permitting ex parte interviews based on his claim that plaintiff explicitly told her physicians not to speak to defense counsel. Plaintiff's objection to such order is based on perceived misconduct by defense counsel in soliciting an interview with Dr. Epstein. Both parties deny each others accusations. At this point, the court simply reminds counsel of the above-stated rules with respect to ex parte interviews, specifically, that neither party may coerce the physicians to obtain or preclude such interviews. Accordingly, defendant may conduct ex parte interviews with treating physicians who are not listed as experts, but shall first provide them with a copy of this order and inform them of their right to refuse to be interviewed.

To recap, and as discussed above and during the conference, the court hereby orders as follows:

1. Defendant's motion **(doc. 49)** is granted in part and denied in part.

2. The above-described medical records authorization form shall be finalized and then executed by plaintiff, and be ready for defense counsel's messenger to pick up from the offices of plaintiff's counsel no later **March 31, 2006, at 4:00 p.m.**

3. As earlier ordered by the court (*see* doc. 52), all *Daubert* motions challenging the admissibility of expert testimony shall be filed by **April 3, 2006.**

4. As earlier ordered by the court (*see* doc. 50), all discovery shall be served in time to be completed by **June 2, 2006**.

5. The parties' jointly proposed pretrial order shall be submitted by defense counsel to the chambers of the undersigned magistrate judge by **June 23, 2006**. The proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) shall be submitted as an attachment to an Internet e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing,*

*Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

6. The final pretrial conference will be held on **July 7, 2006, at 9:00 a.m.** in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas.

7. This case is specially set for jury trial on **September 18, 2006, at 1:00 p.m.** The parties expect a two-week trial. The trial setting may be changed only by order of the judge presiding over the trial.

IT IS SO ORDERED.

Dated this 30th day of March, 2006, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge