IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MELISSA WATSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 05-CV-2014 JPO |
| | ) |
| **THOMAS L. TAYLOR, M.D.** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff moves the Court to instruct defendant, defense counsel, and all of their witnesses not to mention, refer to, interrogate concerning, or attempt to convey in any manner, either directly or indirectly, at any stage of these proceedings, including voir dire, within the presence or hearing of the jury, any of the following evidentiary matters, without first obtaining permission of the Court outside the presence and hearing of the jury. Further, plaintiff requests that defendant and his counsel are to instruct and caution each of their witnesses to strictly follow the same instructions. In particular, plaintiff seeks to exclude from evidence/argument the following:

I. All evidence of collateral source, including health insurance, workers' compensation insurance, that certain doctors were "work comp doctors," workers' compensation benefits, and the amount of benefits received from social security.

II. Evidence of filing and pursuing a worker's compensation claim, retaining an Attorney, or otherwise pursuing plaintiff's legal rights or the timing thereof, should be excluded, and defendant should be precluded from disparaging plaintiff's right to pursue her legal remedies.

1

2

III. Evidence and Argument suggesting that plaintiff is not motivated to get well due to secondary gain, or other such evidence, should be excluded.

IV. Evidence of Medical Treatment/Conditions Unrelated to Plaintiff's Claimed Injuries Should Be Excluded.

V. Evidence of Ratings and Discussions of Impairment under the A.M.A. Guidelines should be excluded as irrelevant and likely to mislead the jury and confuse the issues.

VI. Testimony of Stanley Hoehn, M.D. who talked to defendant Taylor, M.D., the weekend before the hernia surgery should be excluded as irrelevant, prejudicial, and non-disclosed expert testimony.

VII. Character or reputation evidence of Dr. Taylor should be excluded as improper.

VIII. Evidence of Dr. Danner's testimony regarding "hyperalgesia" should be excluded in that it is irrelevant and any potential relevance it may have is outweighed by its unfair prejudice to plaintiff.

IX. The medical and business records and bills should be redacted to exclude evidence of insurance, worker's compensation, and other such improper evidence, as outlined in plaintiff's Memorandum, incorporated herein by reference.

**WHEREFORE,** for the reasons set forth in plaintiff's Memorandum in Support of this motion, plaintiff prays the Court to instruct defendant, his counsel and witnesses, that they shall not inject, within the presence or hearing of the jury, such facts and matters as outlined above.

        /s/ Russell S. Dameron
Russell S. Dameron,   MO# 33055; KS Fed. # 70601
WATSON & DAMERON, LLP,
2500 Holmes Street
Kansas City, Missouri 64108-2743
(816) 474-3350
FAX:   (816) 221-1636
russ@kctriallawyers.com

**ATTORNEYS FOR PLAINTIFF**